# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DWIGHT WILKERSON**,

    Plaintiff,

v.                                         Case No. 24-CV-791

**TRACY THOMPSON,** *et al.*,

    Defendants.

## DECISION AND ORDER

Plaintiff Dwight Wilkerson, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Judge Stadtmueller screened Wilkerson's amended complaint and allowed him to proceed on an Eighth Amendment claim of deliberate indifference to his serious medical needs against officials from Oshkosh Correctional Institution. (ECF No. 11.) The parties consented to the jurisdiction of a magistrate judge, and the case was reassigned to this court. (ECF Nos. 4, 14, 32, 35.) The defendants move for summary judgment on the grounds that Wilkerson failed to exhaust his administrative remedies before bringing this lawsuit. (ECF No. 17.) The motion is ready for a decision. For the reasons stated below, the court grants the defendants' motion and dismisses this case without prejudice.

## SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To comply with § 1997e(a), an inmate must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by inmates "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

*Procedure for Exhausting Administrative Remedies*

Wisconsin has established an institution complaint review system that allows inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all

2

Case 2:24-cv-00791-SCD     Filed 07/16/25     Page 2 of 11     Document 43

administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. *Id.* § DOC 310.05. Before filing a formal complaint, an inmate must first attempt to resolve the issue informally within his institution. *Id.* § DOC 310.07(1). If the issue is not resolved, the inmate may file a complaint with the institutional complaint examiner within fourteen calendar days of the incident. *See id.* § DOC 310.07(2). Each institutional complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.* § DOC 310.07(5)–(6).

Once an inmate files a complaint, the complaint examiner may accept, reject, or return the complaint. *Id.* § DOC 310.10(2). The complaint examiner may return an institutional complaint if it violates administrative rules and allow the inmate an opportunity to correct and resubmit a returned complaint. *Id.* § DOC 310.10(5). The inmate receives only one opportunity to correct the complaint and must resubmit the corrected complaint within ten days. *Id.* If the complaint examiner accepts the complaint, she must assign a file number and classification code and provide the inmate notice that the complaint was received. *Id.* § DOC 310.10(3)–(4). The inmate must appeal any adverse decision within fourteen days of the complaint examiner's decision and await a final decision from the Office of the Secretary. *Id.* §§ DOC 310.12 & 310.13.

*Factual Background*

The defendants contend that Wilkerson filed two administrative complaints relevant to the Eighth Amendment claim on which he is proceeding. (ECF No. 19, ¶ 7.) On April 28, 2024, Wilkerson submitted OSCI 2024-6322 complaining that he stepped on a raised cement slab and rolled his foot, causing him to fall and suffer injuries. (ECF No. 20-2 at 9.) The complaint examiner's office received this complaint the next day, and a complaint examiner recommended affirming the complaint. (*Id.* at 2.) The Warden accepted the recommendation and affirmed the complaint. (*Id.* at 4.)

Wilkerson submitted his second complaint, OSCI 2024-6985, on May 8, 2024, about having to pay a copay to be seen for pain he suffered after his fall. (ECF No. 20-3 at 10.) The complaint examiner's office received this complaint on May 13, 2024, and a complaint examiner recommended dismissing it. (*Id.* at 3.) The reviewing authority accepted that recommendation and dismissed the complaint. (*Id.* at 5.) Wilkerson did not appeal the dismissal of this complaint. (ECF No. 19, ¶ 12.)

The defendants additionally note that on August 5, 2024, the complaint examiner's office received a third administrative complaint from Wilkerson in which he complained about medical staff ignoring him and delaying medical treatment for his ankle injury. (ECF No. 1003 at 3.) Wilkerson wrote that he "submitted numerous Blue slips, but spoke to no one personally who is a provider." (*Id.*) The same day, a complaint examiner returned the complaint to Wilkerson with a note that his complaint "is not accepted." (*Id.* at 1.) The complaint examiner explained that Wilkerson needed to attempt to resolve the issue informally before submitting a

complaint, and he could do so by contacting the Health Services Unit ("HSU") Manager about his concerns with medical staff. (*Id.* (citing Wis. Admin. Code § DOC 310.07(1)).) The complaint examiner instructed Wilkerson to wait for the HSU Manager's response and include her response with the complaint if he decided to resubmit it. (*Id.*) The complaint examiner told Wilkerson to use the date of the written correspondence with the HSU Manger as the date of incident and instructed Wilkerson, "If you do not get a response within 10 days after the print date [of] this return letter, you may file your complaint." (*Id.*) The complaint examiner told Wilkerson to "note in the complaint that you sent a request to them and they did not respond to your request within the 10 days." (*Id.*)

Wilkerson did not follow the complaint examiner's instructions and did not resubmit the returned complaint about the delay in medical treatment. (ECF No. 19, ¶ 15.) Nor did Wilkerson file any other administrative complaints about his delayed medical treatment. (*Id.*, ¶ 16.)

Wilkerson disputes some of the defendants' facts. He first notes that he did not raise any issue about his medical care in complaints OSCI 2024-6322 or 2024-6985 because administrative rules permit an inmate to raise only one issue per complaint. (ECF No. 40, ¶¶ 9, 11 (citing Wis. Admin. Code § DOC 310).) Wilkerson then contends that the complaint examiner who returned his third complaint did so before checking "with HSU staff to inquire as to the number of DOC-3035 Health Service Request forms (HSR) Wilkerson had submitted to HSU regarding the unnecessary delay in properly treating the injuries he had received." (*Id.*, ¶ 14.) Wilkerson concedes that

he did not resubmit this third complaint, but he asserts that he did not do so because the complaint examiner "had demonstrated that the issue would not be properly investigated and remedied, based on the fact that the [complaint examiner] did nothing to learn of the number of times Wilkerson had submitted HSRs regarding the unnecessary delay in properly treating his injuries." (*Id.*, ¶ 15.)

*Analysis*

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*, 548 U.S. at 93). That means if Wilkerson failed to complete any step in the prison's exhaustion process before bringing his lawsuit, the court must dismiss his claim. *See Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" does not satisfy exhaustion requirements, *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)); and there is no "futility exception" to exhaustion, *Perez*, 182 F.3d at 536–37 (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)); *see Booth*, 532 U.S. at 741 & n.6. Because exhaustion is an affirmative defense, the defendants bear the burden of proving that Wilkerson failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

It is undisputed that Wilkerson submitted three administrative complaints related to his fall and injuries from April 2024. Wilkerson concedes that his first two

6

Case 2:24-cv-00791-SCD   Filed 07/16/25   Page 6 of 11   Document 43

complaints (OSCI 2024-6322 and 2024-6985) did not relate to the claim on which he is proceeding in this lawsuit—the delay in receiving appropriate medical care—and did not exhaust his administrative remedies for this claim.

Wilkerson focuses on the third complaint that the complaint examiner returned to him. The complaint examiner returned this complaint because Wilkerson did not explain how or whether he attempted to resolve this issue informally before submitting the complaint. *See* Wis. Admin. Code § DOC 310.07(1) ("Prior to filing a formal complaint, an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint. The [complaint examiner] may request inmates to provide evidence of having followed the specified process."). Wilkerson asserts that before submitting this complaint, he filed several requests with the HSU. He attached these requests to his amended complaint. (ECF No. 10-1.) Wilkerson faults the complaint examiner for not investigating his complaint to find the requests and instead returning the complaint to him.

Wilkerson misunderstands his obligation as the complainant. As noted above, Wisconsin administrative rules require inmates to attempt to informally resolve issues before filing a complaint and "to provide evidence of having followed the specified process" if requested by the complaint examiner. Wis. Admin. Code § DOC 310.07(1). The complaint examiner required Wilkerson to provide evidence of his efforts to informally resolve his concern, so he was required to provide it. *Id.* It was not the complaint examiner's obligation to investigate what appeared to be a deficient complaint to find Wilkerson's efforts to resolve his issue informally. If Wilkerson

7

Case 2:24-cv-00791-SCD    Filed 07/16/25    Page 7 of 11    Document 43

believed, as he insists, that he satisfied this requirement by filing HSU requests, all he needed to do was provide proof to the complaint examiner of those complaints as instructed in the return letter. But he did nothing and did not resubmit his grievance or provide the requested information. His failure to follow those instructions constitutes a failure to "take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *see Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014) (inmate who "never followed up with the [complaint examiner] by resubmitting his grievance or even providing . . . his documentation showing that he followed the directive to attempt an informal workout" failed to exhaust administrative remedies).

Wilkerson asserts that he should be excused from exhausting his remedies because the complaint examiner returned his complaint on the final day of his fourteen-day deadline to file it and "would have rejected the [resubmitted] complaint as 'untimely.'" (ECF No. 39 at 2.) But as the court noted above, there is no "futility exception" to exhaustion. *Perez*, 182 F.3d at 536–37. Wilkerson's assumption that the complaint examiner would not have accepted his resubmitted complaint does not excuse his failure to follow the return letter's instructions and resubmit it. *See id.* at 536 ("No one can *know* whether administrative requests will be futile; the only way to find out is to try."); *Steiskal*, 553 F. App'x at 616 (citing *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008)) (inmate's "subjective belief that he was being thwarted" from pursuing administrative remedies is "insufficient to create a genuine issue of material fact").

Moreover, the evidence supports a finding that Wilkerson's resubmitted complaint would have been accepted as timely if he resubmitted it within ten days as stated in the return letter and allowed under Wisconsin rules. *See* Wis. Admin. Code § DOC 310.10(5). Inmates need only file one administrative complaint about an ongoing issue (such as a delay in medical care) and need not do so within fourteen days of the first denial of treatment. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Edwards v. Schrubbe*, 807 F. Supp. 2d 809, 812–13 (E.D. Wis. 2011). And the complaint examiner explained in the return letter that Wilkerson could use the date of his written communication to the HSU Manager as the "Incident Date" and note in his resubmitted complaint if the Manager did not respond to him.

As a final note, Wilkerson asserts that the defendants' motion for summary judgment is improper because they filed it before the court issued a scheduling order. (ECF No. 39 at 6–7.) This argument is frivolous. The screening order directed the defendants "to file a summary judgment motion that raises all exhaustion-related challenges" within forty-five days and explained that the court would "issue a scheduling order at a later date that embodies other relevant deadlines." (ECF No. 11 at 7.) The defendants complied with that order by filing their motion for summary judgment on exhaustion grounds at the January 16, 2025 deadline. (ECF No. 17.)

## CONCLUSION

For the reasons stated above, the defendants have satisfied their burden to show that Wilkerson failed to exhaust his administrative remedies for his Eighth Amendment claim before bringing this lawsuit. The court will grant the defendants'

9

Case 2:24-cv-00791-SCD   Filed 07/16/25   Page 9 of 11   Document 43

motion for summary judgment on exhaustion grounds and dismiss this case without prejudice. *See Ford*, 362 F.3d at 401 (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").[1]

## ORDER

**THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

---

[1] Because there are no unresolved questions of fact, the court will not hold an evidentiary hearing as described in *Pavey*, 544 F.3d at 742. *See Aguirre v. Witek*, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (citing *Doss v. Gilkey,* 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 16th day of July, 2025.

STEPHEN DRIES
United States Magistrate Judge